Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 962 | **DATE** | 9/17/2001 |
| **CASE TITLE** | ROBERT EINFALT vs. KLS-MARTIN, L.P. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ **[Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: In light of Count I now being moot as well as the fact the remaining claims are pendant state claims which fail to satisfy the amount in controversy requirement of $75,000 we decline to address Einfalt's remaining state claims and this case is dismissed all claims over which it has original jurisdiction, declines to exercise supplemental jurisdiction over Einfalt's state law claims and hereby terminates this case. Einfalt is free to pursue his claims in state court. This is a final and appealable order.**

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 43 |
| ✓ | Mail AO 450 form. | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING 01 SEP 18 AM 8:30 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT EINFALT )
)
)
Plaintiff, )
) No. 00 C 962
v. ) Judge Ronald A. Guzman
)
)
KLS-MARTIN, L.P., )
)
)
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On February 16, 2000, Plaintiff Robert Einfalt ("Einfalt") filed a two-count complaint seeking a declaratory relief pursuant to 28 U.S.C. §§2201 and 2202 with respect to a covenant not to compete and damages for KLS-Martin's alleged breach of contract claim under Illinois law. On March 15, 2000, Einfalt amended his complaint to add an additional claim for unpaid wages pursuant to the Illinois Wage Payment and Collection Act, 820 *Ill. Comp. Stat* 115/1. On January 5, 2001 the covenant not to compete expired by its terms and the Declaratory Judgment claim is now moot. In light of the mootness of Count I we decline to address Einfalt's pendant state law claims.

## DISCUSSION

Plaintiff alleges the following damages:

**Count I-Declaratory Relief**

1

$$=\$200,000^1$$

## Count II-Breach of Contract

Special damages total $58,571.96, calculated as follows:

| | |
|---|---|
| December base salary (35,000/12) | =$2,915.00 |
| December car allowance | =$ 400.00 |
| 5% of sales for December, 1999 | =$1,824.33 |
| TOTAL | $ 5,139.33 |
| | ($1,500.00) |
| AMOUNT DUE | $3,639.33 |

## Count III- Violation of Illinois Wage Payment and Collection Act

Special damages total $58,571.96, calculated as follows:

| | |
|---|---|
| Unpaid compensation | =$ 3,639.33 |
| 3% Individual Incentive Commission (On 1999 Sales) | =$ 15,387.99 |
| 3% Regional Incentive Commission | =$10,258.66 |
| TOTAL | $29,285.98 |
| Penalty Imposed under the Act | x2 |
| | $58,571.96 |

Attorneys' Fees pursuant to

---

[1] Einfalt's salary with his new employer was $200,000 for the year 2000. Count I of Einfalt's complaint sought a declaration as to the enforceability of his covenant not to compete with KLS-Martin. This covenant not to compete expired January 5, 2001.

2

705 ILCS 225/1          $49,760.00

AMOUNT DUE    $108,331,96

## **DISCUSSION**

As the Seventh Circuit noted in *Hart v. Schering-Plough Corp.*, 253 F. 3d 272, 273 (7th Cir. 2001) the amount in controversy is whatever is required to satisfy the plaintiff's demand, in full, on the date the suit begins. *Gardynski-Leschuck v. Ford Motor*, 142 F. 3d 955, 958-59 (7th Cir. 1998). The *controverted* amount in this case initially, according to Einfalt, was $200,000 (the amount of Einfalt's new salary which the covenant not to compete would have prevented Einfalt from earning under an object of the litigation theory) plus Einfalt's breach of contract damages alleged in Counts II and III). It remains undisputed, however, that under the Declaratory Judgment Act the amount Einfalt would have received pursuant to the terms of the Act was $0 because the Court would only declare whether the covenant not to compete was or was not enforceable. This same declaration could have been made under Illinois' Declaratory Judgment Act by the state court. Giving Einfalt the benefit of the doubt, that the $200,000 satisfies the jurisdictional threshold under an object of the litigation theory (the Declaratory Judgment Act does not confer subject matter jurisdiction, but provides an additional remedy only where jurisdiction already exists *Amoakowaa v. Reno*, 94 F. Supp 2d 903, 906 (N.D. Ill)) it is undisputed that the issue regarding enforceability of the covenant not to compete is now moot and "an actual controversy must be extant at all stage of review, not merely at the time of the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272

3

(1975). The only controversy surviving at this stage of the litigation is Einfalt's breach of contract and wage collection claims. As noted above Einfalt only seeks $29,285.98 in past due compensation and $78,045.98 in attorneys fees and penalties pursuant to 705 *Ill. Comp. Stat.* § 225/1 and 850 *Ill. Comp. Stat.* § 115/14. Attorneys' fees have been defined as costs by the statute 705 *Ill. Comp. Stat.* § 225/1 and fees yet to be incurred cannot be applied to the jurisdiction amount. *See Hart v. Schering-Plough Corp.*, 253 F. 3d 272, 273 (7th Cir. 2001). The Wage Act specifically provides the following:

> [a]ny employer who has been ordered by the Director of Labor or the court to pay wages due an employee and who shall fail to do so within 15 days after such order is entered shall be liable to pay a penalty of 1% per calendar day to the employee for each day of delay in pay such wages to the employee up to an amount equal to twice the sum of unpaid wages due the employee.

850 *Ill. Comp. Stat.* 115/14.

In light of Count I now being moot as well as the fact the remaining claims are pendant state claims which fail to satisfy the amount in controversy requirement of $75,000 we decline to address Einfalt's remaining state claims and this case is dismissed without prejudice. Pursuant to 28 U.S.C. § 1367(c0(3), the Court in its discretion, having dismissed all claims over which it has original jurisdiction, declines to exercise supplemental jurisdiction over Einfalt's state law claims and hereby terminates this case. Einfalt is free to pursue his claims in state court. This is a final and appealable order.

**SO ORDERED**                                                                  **ENTERED:**

*[signature]*

**HON. RONALD A. GUZMAN**
**United States Judge**

4